William P. Deni, Jr.
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500

*Attorneys for Plaintiffs*
*Bausch & Lomb Inc.,*
*Bausch & Lomb Ireland Limited,*
*and Eye Therapies, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BAUSCH & LOMB INC.;<br>BAUSCH & LOMB IRELAND LIMITED;<br>and EYE THERAPIES, LLC,<br><br>                          Plaintiffs,<br><br>     v.<br><br>GRANULES INDIA LTD.,<br><br>                          Defendant. | Civil Action No. 25-18325<br><br>*Document Electronically Filed* |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Bausch & Lomb Inc., Bausch & Lomb Ireland Limited, and Eye Therapies, LLC (collectively, "Plaintiffs") by way of Complaint against Defendant Granules India Ltd. ("Granules" or "Defendant") allege as follows:

**NATURE OF THE ACTION**

1.      This is an action for infringement of United States Patent Nos. 8,293,742 ("the '742 patent"), 9,259,425 ("the '425 patent"), 11,596,600 ("the '600 patent"), and 11,833,245 ("the '245 patent") (the '742, '425, '600, and '245 patents, collectively, "the Asserted Patents"), arising under

the United States patent laws, Title 35, United States Code § 100 et seq., including 35 U.S.C. §§ 271 and 281, and for declaratory judgment of infringement under 28 U.S.C. §§ 2201 and 2202. This action relates to Granules' filing of an Abbreviated New Drug Application ("ANDA") under Section 505(j) of the Federal Food, Drug, and Cosmetic Act ("the Act"), 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to market its generic Brimonidine Tartrate Ophthalmic Solution, 0.025% ("Granules' generic brimonidine ophthalmic solution") prior to the expiration of the Asserted Patents.

## THE PARTIES

2. Plaintiff Bausch & Lomb Inc. ("Bausch") is a corporation organized and existing under the laws of New York with a place of business at 1400 N. Goodman St. Rochester, New York 14609. Bausch is the registered holder of approved New Drug Application ("NDA") No. 208144, which covers Lumify® ophthalmic solution/drops (brimonidine tartrate, 0.025%).

3. Plaintiff Bausch & Lomb Ireland Limited ("Bausch Ireland") is a company organized and existing under the laws of Ireland, having its registered office at 3013 Lake Drive, Citywest Business Park, Dublin, Ireland. Bausch Ireland exclusively licenses the Asserted Patents.

4. Plaintiff Eye Therapies, LLC ("Eye Therapies") is a limited liability company organized and existing under the laws of Delaware, having its principal place of business at 26933 Camino De Estrella, 2nd Fl., Dana Point, California 92624. Eye Therapies is the owner of the Asserted Patents.

5. Upon information and belief, Granules is a corporation organized and existing under the laws of India, having a place of business at 15th Floor, Granules Tower, Botanical Garden Road, Kondapur, Hyderabad 500084, Telangana, India. Upon information and belief, Granules holds (or will hold) any intellectual property rights and marketing authorizations for

Granules' generic brimonidine ophthalmic solution. Upon information and belief, Granules is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market, including in this District.

## THE PATENTS IN SUIT

6. The U.S. Patent and Trademark Office ("PTO") issued the '742 patent on October 23, 2012. The '742 patent claims, inter alia, methods of reducing eye redness consisting essentially of administering brimonidine into ocular tissue. Plaintiffs hold all substantial rights in the '742 patent and have the right to sue for infringement thereof. A copy of the '742 patent is attached hereto as Exhibit 1.

7. The PTO issued the '425 patent on February 16, 2016. The '425 patent claims, inter alia, methods of reducing redness of an eye and/or increasing whiteness of an eye comprising administering compositions comprising brimonidine. Plaintiffs hold all substantial rights in the '425 patent and have the right to sue for infringement thereof. A copy of the '425 patent is attached hereto as Exhibit 2.

8. The PTO issued the '600 patent on March 7, 2023. The '600 patent claims, *inter alia*, methods of reducing eye redness consisting essentially of administering brimonidine into ocular tissue. Plaintiffs hold all substantial rights in the '600 patent and have the right to sue for infringement thereof. A copy of the '600 patent is attached hereto as Exhibit 3.

9. The PTO issued the '245 patent on December 5, 2023. The '245 patent claims, *inter alia*, methods of reducing eye redness consisting of topically administering 0.025% brimonidine as the sole active ingredient into ocular tissue. Plaintiffs hold all substantial rights in the '245 patent and have the right to sue for infringement thereof. A copy of the '245 patent is attached hereto as Exhibit 4.

10. Bausch is the holder of NDA No. 208144 for Lumify®, which the FDA approved on December 22, 2017. In conjunction with NDA No. 208144, the Asserted Patents were timely listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") and remain listed in the Orange Book.

11. Brimonidine tartrate ophthalmic solution, 0.025%, is sold in the United States under the trademark Lumify®.

## GRANULES' INFRINGING ANDA SUBMISSION

12. Upon information and belief, Granules filed or caused to be filed with the FDA ANDA No. 220937, under Section 505(j) of the Act and 21 U.S.C. § 355(j).

13. Upon information and belief, Granules' ANDA No. 220937 seeks FDA approval to engage in commercial manufacture, use, and sale in the United States of Granules' generic brimonidine ophthalmic solution, intended to be a generic version of Lumify®.

14. On or about November 6, 2025, Plaintiffs received a letter from Granules dated November 5, 2025, purporting to be a Notice of Paragraph IV Certification regarding ANDA No. 220937 ("Granules' Notice Letter") under Section 505(j)(2)(B)(iv) of the Act and 21 § C.F.R. 314.95. Granules' Notice Letter was addressed to Bausch Health Companies, Inc., Bausch Health Ireland Ltd., and Eye Therapies LLC.

15. Granules' Notice Letter alleges that Granules has submitted to the FDA ANDA No. 220937 seeking approval to engage in the commercial manufacture, use and/or sale of Granules' generic brimonidine ophthalmic solution, intended to be generic versions of Lumify®.

16. Granules' Notice Letter states that Granules' ANDA No. 220937 contains "the required bioavailability or bioequivalence data or information with respect to brimonidine tartrate ophthalmic solution, 0.1% [*sic*][.]"

17. Granules Notice Letter states that the "established name of the proposed drug product" is "brimonidine tartrate ophthalmic solution, 0.025%[.]"

18. Upon information and belief, ANDA No. 220937 seeks approval of Granules' generic brimonidine ophthalmic solution that is the same, or substantially the same, as Lumify®.

19. Upon information and belief, the actions related to ANDA No. 220937 complained of herein were done at the direction of, with the authorization of, or with the cooperation, the participation, the assistance of, or at least in part for the benefit of Granules.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

21. Upon information and belief, this court has jurisdiction over Granules. Upon information and belief, Granules is in the business of, inter alia, developing, manufacturing, marketing, importing and selling pharmaceutical products, including generic drug products. Upon information and belief, Granules directly, or indirectly, develops, manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for Granules' generic brimonidine product. Upon information and belief, Granules purposefully has conducted and continues to conduct business in this judicial district.

22. Granules has taken the costly, significant step of applying to the FDA for approval to engage in future activities—including the marketing of its generic drugs—that will be purposefully directed at, upon information and belief, the State of New Jersey and elsewhere. Granules' ANDA filing constitutes formal acts that reliably indicate plans to engage in marketing of the proposed generic drugs. Upon information and belief, Granules intends to direct sales of its

drugs into New Jersey, among other places, once it has the requested FDA approval to market them. Upon information and belief, Granules will engage in marketing, sale, and offer for sale of its generic brimonidine product in New Jersey upon approval of its ANDA.

23. Granules knows or should know that Lumify® is manufactured for Bausch, at least because that information is included in the label for Lumify® and is publicly available.

24. Upon information and belief, venue is proper in this District under 28 U.S.C. §§ 1391(c) and (d), and 1400(b).

25. Venue is proper against Granules, a foreign corporation, in any judicial district that has personal jurisdiction, including this judicial district.

## COUNT I FOR PATENT INFRINGEMENT

### Infringement of the '742 Patent Under § 271(e)(2)

26. The preceding paragraphs are incorporated herein as set forth above.

27. Under 35 U.S.C. § 271(e)(2), Granules has infringed at least one claim of the '742 patent by submitting, or causing to be submitted to the FDA, ANDA No. 220937 seeking approval for the commercial marketing of Granules' generic brimonidine ophthalmic solution before the expiration date of the '742 patent.

28. Upon information and belief, Granules' generic brimonidine ophthalmic solution will, if approved and marketed, infringe at least one claim of the '742 patent.

29. Upon information and belief, Defendant will, through the manufacture, use, import, offer for sale, and/or sale of Granules' generic brimonidine ophthalmic solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '742 patent.

30. If Defendant's marketing and sale of Granules' generic brimonidine ophthalmic solution prior to the expiration of the '742 patent is not enjoined, Plaintiffs will suffer substantial

and irreparable harm for which there is no adequate remedy at law.

## COUNT II FOR PATENT INFRINGEMENT

### Declaratory Judgment of Infringement of the '742 Patent

31. The preceding paragraphs are incorporated herein as set forth above.

32. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

33. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

34. Granules has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Granules' generic brimonidine ophthalmic solution before the expiration date of the '742 patent, including the filing of ANDA No. 220937.

35. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Granules' generic brimonidine ophthalmic solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '742 patent.

36. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of use, sale, and/or importation of Granules' generic brimonidine ophthalmic solution will constitute infringement of at least one claim of the '742 patent.

## COUNT III FOR PATENT INFRINGEMENT

### Infringement of the '425 Patent Under § 271(e)(2)

37. The preceding paragraphs are incorporated herein as set forth above.

38. Under 35 U.S.C. § 271(e)(2), Granules has infringed at least one claim of the '425

patent by submitting, or causing to be submitted to the FDA, ANDA No. 220937 seeking approval for the commercial marketing of Granules' generic brimonidine ophthalmic solution before the expiration date of the '425 patent.

39. Upon information and belief, Granules' generic brimonidine ophthalmic solution will, if approved and marketed, infringe at least one claim of the '425 patent.

40. Upon information and belief, Defendant will, through the manufacture, use, import, offer for sale, and/or sale of Granules' generic brimonidine ophthalmic solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '425 patent.

41. If Defendant's marketing and sale of Granules' generic brimonidine ophthalmic solution prior to the expiration of the '425 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT IV FOR PATENT INFRINGEMENT

### Declaratory Judgment of Infringement of the '425 Patent

42. The preceding paragraphs are incorporated herein as set forth above.

43. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

44. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

45. Granules has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Granules' generic brimonidine ophthalmic solution before the expiration date of the '425 patent, including the filing of ANDA No. 220937.

46. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Granules' generic brimonidine ophthalmic solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '425 patent.

47. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of use, sale, and/or importation of Granules' generic brimonidine ophthalmic solution will constitute infringement of at least one claim of the '425 patent.

## COUNT V FOR PATENT INFRINGEMENT

### Infringement of the '600 Patent Under § 271(e)(2)

48. The preceding paragraphs are incorporated herein as set forth above.

49. Under 35 U.S.C. § 271(e)(2), Granules has infringed at least one claim of the '600 patent by submitting, or causing to be submitted to the FDA, ANDA No. 220937 seeking approval for the commercial marketing of Granules' generic brimonidine ophthalmic solution before the expiration date of the '600 patent.

50. Upon information and belief, Granules' generic brimonidine ophthalmic solution will, if approved and marketed, infringe at least one claim of the '600 patent.

51. Upon information and belief, Defendant will, through the manufacture, use, import, offer for sale, and/or sale of Granules' generic brimonidine ophthalmic solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '600 patent.

52. If Defendant's marketing and sale of Granules' generic brimonidine ophthalmic solution prior to the expiration of the '600 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT VI FOR PATENT INFRINGEMENT

### Declaratory Judgment of Infringement of the '600 Patent

53. The preceding paragraphs are incorporated herein as set forth above.

54. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

55. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

56. Granules has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Granules' generic brimonidine ophthalmic solution before the expiration date of the '600 patent, including the filing of ANDA No. 220937.

57. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Granules' generic brimonidine ophthalmic solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '600 patent.

58. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of use, sale, and/or importation of Granules' generic brimonidine ophthalmic solution will constitute infringement of at least one claim of the '600 patent.

## COUNT VII FOR PATENT INFRINGEMENT

### Infringement of the '245 Patent Under § 271(e)(2)

59. The preceding paragraphs are incorporated herein as set forth above.

60. Under 35 U.S.C. § 271(e)(2), Granules has infringed at least one claim of the '245 patent by submitting, or causing to be submitted to the FDA, ANDA No. 220937 seeking approval

for the commercial marketing of Granules' generic brimonidine ophthalmic solution before the expiration date of the '245 patent.

61. Upon information and belief, Granules' generic brimonidine ophthalmic solution will, if approved and marketed, infringe at least one claim of the '245 patent.

62. Upon information and belief, Defendant will, through the manufacture, use, import, offer for sale, and/or sale of Granules' generic brimonidine ophthalmic solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '245 patent.

63. If Defendant's marketing and sale of Granules' generic brimonidine ophthalmic solution prior to the expiration of the '245 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT VIII FOR PATENT INFRINGEMENT

### Declaratory Judgment of Infringement of the '245 Patent

64. The preceding paragraphs are incorporated herein as set forth above.

65. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

66. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

67. Granules has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Granules' generic brimonidine ophthalmic solution before the expiration date of the '245 patent, including the filing of ANDA No. 220937.

68. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Granules' generic brimonidine ophthalmic solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '245 patent.

69. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of use, sale, and/or importation of Granules' generic brimonidine ophthalmic solution will constitute infringement of at least one claim of the '245 patent.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant on the patent infringement claims set forth above and respectfully request that this Court:

1. Enter judgment that, under 35 U.S.C. § 271(e)(2), Granules has infringed at least one claim of the '425 patent by submitting or causing to be submitted ANDA No. 220937 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Granules' generic brimonidine ophthalmic solution before the expiration of the '742 patent;

2. Enter judgment that, under 35 U.S.C. § 271(e)(2), Granules has infringed at least one claim of the '742 patent by submitting or causing to be submitted ANDA No. 220937 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Granules' generic brimonidine ophthalmic solution before the expiration of the '425 patent;

3. Enter judgment that, under 35 U.S.C. § 271(e)(2), Granules has infringed at least one claim of the '600 patent by submitting or causing to be submitted ANDA No. 220937 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in

the United States of Granules' generic brimonidine ophthalmic solution before the expiration of the '600 patent;

4. Enter judgment that, under 35 U.S.C. § 271(e)(2), Granules has infringed at least one claim of the '245 patent by submitting or causing to be submitted ANDA No. 220937 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Granules' generic brimonidine ophthalmic solution before the expiration of the '245 patent;

5. Order that the effective date of any approval by the FDA of Granules' generic brimonidine ophthalmic solution be a date that is not earlier than the expiration of the '742, '425, '600, and '245 patents, or such later date as the Court may determine;

6. Enjoin Defendant from the commercial manufacture, use, import, offer for sale, and/or sale of Granules' generic brimonidine ophthalmic solution until expiration of the '742, '425, '600, and '245 patents, or such later date as the Court may determine;

7. Enjoin Defendant and all persons acting in concert with Defendant from seeking, obtaining, or maintaining approval of Granules' ANDA No. 220937 until expiration of the '742, '425, '600, and '245 patents;

8. Declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs costs, expenses, and disbursements in this action, including reasonable attorney's fees; and

9. Award Plaintiffs such further and additional relief as this Court deems just and proper.

- 14 -

Dated: December 9, 2025  
      Newark, New Jersey

s/ William P. Deni, Jr.  
William P. Deni, Jr.  
J. Brugh Lower  
**GIBBONS P.C.**  
One Gateway Center  
Newark, New Jersey 07102  
(973) 596-4500  
wdeni@gibbonslaw.com  
jlower@gibbonslaw.com

*Attorneys for Plaintiffs*  
*Bausch & Lomb Inc.,*  
*Bausch & Lomb Ireland Limited,*  
*and Eye Therapies, LLC*